**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4345**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LIONEL DANGELO HATCH, JR., a/k/a L,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:20-cr-00044-D-1)

_____

Submitted:  May 23, 2023                                    Decided:  May 25, 2023

_____

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Jamie L. Vavonese, VAVONESE LAW FIRM, PC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lionel Dangelo Hatch, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of marijuana, 500 grams or more of cocaine, and 28 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and distribution of a quantity of crack, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). As part of the plea agreement, Hatch agreed to waive his right to appeal his conviction and sentence. The district court sentenced Hatch to 151 months' imprisonment. Hatch timely appealed.

Counsel for Hatch has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asserting that the district court failed to adequately explain Hatch's within-Guidelines sentence. Although informed of his right to do so, Hatch has not filed a pro se supplemental brief. The Government moves to dismiss the appeal as barred by the appellate waiver included in Hatch's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Rule 11 of the Federal Rules of Criminal Procedure, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Hatch knowingly and voluntarily waived his right to appeal.

2

We conclude that the waiver is valid and enforceable and that the issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Hatch's appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Hatch, in writing, of the right to petition the Supreme Court of the United States for further review. If Hatch requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hatch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3